FILED

DEC 19 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | CIVIL ACTION NO. SA-23-CV-01101-FB |
| | ) | |
| REAL PROPERTY LOCATED AND SITUATED AT: | ) | |
| | ) | |
| 4218, 4208, AND 4228 HARMONY ROAD, PRESTON, CAROLINE COUNTY, MARYLAND (1), | ) | |
| | ) | |
| 4051 FOSSIL FORREST, SAN ANTONIO, BEXAR COUNTY, TEXAS (2), | ) | |
| | ) | |
| 39850 FM 3159, CANYON LAKE, COMAL COUNTY, TEXAS (3) | ) | |
| | ) | |
| 40454 FM 3159, NEW BRAUNFELS, COMAL COUNTY, TEXAS (4), | ) | |
| | ) | |
| 2 SUGAR MAPLE, MAYHILL, OTERO COUNTY, NEW MEXICO (5), | ) | |
| | ) | |
| CLOUD COUNTRY #2, MAYHILL, OTERO COUNTY, NEW MEXICO (6), | ) | |
| | ) | |
| 98 ISLAND DR #41, HORSESHOE BAY, LLANO COUNTY, TEXAS (7), | ) | |
| | ) | |
| 101 WEST BANK UNIT 56, HORSESHOE BAY, LLANO COUNTY, TEXAS (8), | ) | |
| | ) | |
| 106 OURAY ST, BOERNE, KENDALL COUNTY, TEXAS (9), | ) | |
| | ) | |
| 104 ALAMOSA WAY, BOERNE, KENDALL COUNTY, TEXAS (10), | ) | |
| | ) | |
| 103 CREEDE ST, BOERNE, KENDALL COUNTY, TEXAS (11), | ) | |

973 MYSTIC PKWY, SPRING BRANCH, )
COMAL COUNTY, TEXAS (12), )
)
2808 AURORA, HORSESHOE BAY, )
LLANO COUNTY, TEXAS (13), )
)
FAULT LINE, HORSESHOE BAY, )
LLANO COUNTY, TEXAS (14), )
)
4100 CASHMERE DR NE, LACEY, )
THURSTON COUNTY, WASHINGTON (15,)
)
5190 GRAYTOWN RD, SCHERTZ, )
BEXAR COUNTY, TEXAS (16), )
)
5524 LEMON GULCH RD, CASTLE ROCK, )
DOUGLAS COUNTY, COLORADO (17), )
)
11080 WARE SEGUIN RD, SCHERTZ, )
BEXAR COUNTY, TEXAS (18), )
)
BLAZING STAR, LOT 21, HORSESHOE )
BAY, LLANO COUNTY, TEXAS (19), )
)
BLAZING STAR, LOT 22, HORSESHOE )
BAY, LLANO COUNTY, TEXAS (20), )
)
FM 532, GONZALES, GONZALES )
COUNTY, TEXAS (21), )
)
SKYWATER, LOT 3, CLOUDCROFT, )
OTERO COUNTY, NEW MEXICO (22), )
)
SKYWATER, LOT 4, CLOUDCROFT, )
OTERO COUNTY, NEW MEXICO (23), )
)
SPIDER VALLEY, LOT W18074, )
HORSESHOE BAY, LLANO COUNTY, )
TEXAS (24), )
)
SPIDER VALLEY, LOT W18075, )
HORSESHOE BAY, LLANO COUNTY, )
TEXAS (25), )
)
SUNSHINE, HORSESHOE BAY, LLANO )
COUNTY, TEXAS (26), )

2

**BAY WEST BLVD, HORSESHOE BAY,**  )
**LLANO COUNTY, TEXAS (27),**  )
   )
**UPLIFT/BAY WEST, HORSESHOE BAY,**  )
**LLANO COUNTY, TEXAS (28),**  )
   )
**VERDE MOUNTAIN TRAIL, SAN**  )
**ANTONIO, BEXAR COUNTY, TEXAS (29),**  )
   )
**4240 S ZEPHYR STREET, LAKEWOOD,**  )
**JEFFERSON COUNTY, COLORADO (30),**  )
   )
**11.53 ACRES LOCATED IN SEABECK,**  )
**KITSAP COUNTY, WASHINGTON (31),**  )
   )
     **Respondents.**  )

## AMENDED VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules of Federal Rules of Civil Procedure, and respectfully states as follows:

## I.
## NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the properties described below as:

Real Properties, with all buildings, appurtenances, and improvements thereon, and any and all surface and sub-surface rights, title, and interests, located and situated at:

- **See Attachment A for full legal descriptions.**

hereinafter the Respondent Real Properties.

## II.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the

3

United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Real Properties under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to Title 28 U.S.C. § 1355(b)(1)(B) and 1395(b), because the Respondent Real Properties located in this District.

### III.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Real Properties for violations of Title 18 U.S.C. §§ 1341, 1956, and 1957 which make the properties subject to forfeiture to the United States pursuant to Title 18 U.S.C. § 981(a)(1)(C), which states (with emphasis added):

> **§ 981.  Civil forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> \*\*\*
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "*specified unlawful activity*" (as defined in section 1956(c)(7) of this title), or a *conspiracy* to commit such offense.

Mail Fraud is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

Additionally, Title 18 U.S.C. §§ 1956 and 1957 violations are also subject to forfeiture pursuant to Title 18 U.S.C. § 981 (a)(1)(A), which states:

> **§ 981.  Civil forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> **(A)** Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 or 1957 . . . or any property traceable to such property.

## IV.
## FACTS IN SUPPORT OF FORFEITURE

### INTRODUCTION

### A. Overview

MELLO, through her position with the Army's Child and Youth Services Division (CYS), used her knowledge of funding procedures and her ability to approve the distribution of funds to various entities to direct funds from CYS program fund accounts to be paid to Child Health and Youth Lifelong Development (CHYLD), an entity MELLO formed and controlled. Without disclosing the fact that she owned and controlled CHYLD, MELLO approved the payment of government funds to CHYLD. Despite receiving funds intended for entities that provide child youth services, there is no evidence CHYLD provided any services at all, much less anything resembling child and youth services. Instead, the evidence clearly shows MELLO used at least $103,000,000 in funds distributed to CHYLD from January 2017 through the present to fund the purchase of high-end retail goods, jewelry, luxury automobiles, air travel, and high-end real estate throughout the country.  In furtherance of this scheme and to conceal the source of the funds, MELLO transferred the fraud proceeds through various bank accounts she controlled. All the while, MELLO failed to report any of this income on her tax returns for tax years 2017 through 2022.

### B. Background Information

MELLO is a U.S. Government employee of the U.S. Army at Fort Sam Houston (Ft. Sam) in San Antonio, Texas. MELLO serves as the Financial Program Manager for Child Youth Services (CYS), Family and Morale, Welfare & Recreation, G-9, Installation Management Command (IMCOM). CYS ensures military-connected youth and families are offered opportunities to enrich their lives.  One of the programs under CYS is the 4-H Military

5

Partnership. This partnership between the United States Department of Agriculture (USDA) and the United States Department of the Army focuses on growth and development for military-connected youth and opportunities to gain new knowledge and skills in Citizenship, Healthy Living, and Science. The USDA awarded grants to Land Grant Universities to carry out these 4-H programs objectives. Land Grant Universities can subcontract work under these grants to other vendors.

## C. Normal Payment Process for CYS Programs

Vendors that have completed services for CYS programs will normally submit an invoice requesting payment to CYS. CYS will then review invoice and validate that the services for the CYS programs were provided and complete. CYS then prepares a "Memorandum Thru Chief, Financial Management Division" to request payment for the vendor identified on the invoice and the memorandum communicates the appropriate Military Interdepartmental Purchase Request (MIPR) funding account that will fund the payment.

MELLO is responsible for the financial operations of the child youth programs, and in that role authorizes the distribution of government funds to various entities that provide child and youth development services to military personnel and dependents. MELLO, using the procedure outlined above, directs Defense Finance and Accounting (DFAS) as to the program from which the funds allocated should be drawn. DFAS, upon receiving the memo requesting payment, prepares the check for the vendor and sends the check via mail or wire.

## D. Mello's Use of the Payment Process to Commit Fraud

As part of the scheme to defraud, MELLO caused requests for payment to be submitted authorizing the distribution of grant funds to CHYLD, which, unbeknownst to DFAS, was owned and controlled by MELLO. The requests for payment instructed DFAS to issue payment to

6

CHYLD through a check sent via private post carrier.

Based on a review of records maintained by DFAS, requests for payment were submitted by IMCOM which listed MELLO as the point of contact for the requests.    MELLO, acting in her official capacity as Funds Manager, certified that the funds were available for payment.    Included as part of the payment request was a Standard Form (SF) 1080, Voucher for Transfers between Appropriations and/or Funds.   DFAS personnel stated this SF 1080 was typically utilized to transfer funds between U.S. Government agencies.    The presence of this form indicated to DFAS employees processing the payment request that CHYLD was recognized as a governmental entity vendor, allowing payment to CHYLD to be processed without an invoice, as would typically be required for a non-governmental entity.    Also included in the payment request was a memorandum informing DFAS as to the CYS program benefiting from the services rendered by the vendor, instructing the amount to be paid to the vendor, identifying the account out of which payment was to be made, and an instruction as to how the payment was to be made. The memoranda submitted directing payments be made to CHYLD identified MELLO as the point of contact for the request and were digitally signed by MELLO certifying funds were available for payment. These memoranda also directed payments be made to CHYLD via check and that they be shipped to CHYLD via FedEx. From January 2017 through August 29, 2023, MELLO has received over $100,000,000 in proceeds from this scheme.

Contrary to MELLO's representations, CHYLD provided none of the services indicated in the memoranda submitted to DFAS. Based on records from the Internal Revenue Service (IRS), MELLO is the owner of CHYLD. MELLO requested an Employer Identification Number (EIN) for CHYLD in December 2016, and CHYLD was assigned EIN 81-4588169. MELLO filed a 2017 U.S. Federal Income Tax Return Form 1040 with IRS reporting wages from Department of

Defense (DOD). MELLO also filed a Schedule C-EZ: Net Profit From Business (Sch C-EZ). Sch C-EZ is utilized to report Sole Proprietorship income on the Form 1040. MELLO categorized the principal business type as Training Consultant and reported gross receipts for CHYLD of $2,152, and reported expenses of $1,669, resulting in a net profit of $483. MELLO has not filed any subsequent income tax returns for CHYLD on a personal or a business entity income tax return.

On August 4, 2017, MELLO opened Bank of America (BOA) account #586037101289 (1289) on behalf of CHYLD. MELLO is the sole signer on the account. Based on bank records received and reviewed by investigators in this case, from January 1, 2022, to April 30, 2023, BOA account #1289 was utilized to receive funds distributed by DFAS to CHYLD. Each of the payments during this period was authorized by MELLO. Funds distributed by DFAS to CHYLD make up approximately 97% of deposits into account #1289, with the remaining deposits being credit transfers from various other accounts owned and controlled by MELLO. Most of the funds deposited into BOA account #1289 were then transferred to additional bank accounts in the name of CHYLD and MELLO at Bank of America, Costal Community Bank, USAA, and Wells Fargo.

MELLO opened Wells Fargo account ending in #3105 and #6702 on January 07, 2017, for CHYLD. According to the business account application, Customer Information for CHYLD included Business Phone number (571) 289-6158. The phone number is registered to MELLO, and the carrier is Verizon Wireless.

Through this investigation there is no evidence indicating MELLO, either individually or through CHYLD has provided any CYS program services. CHYLD has not filed any income tax returns reporting any gross receipts received from CYS programs. There has been no physical location identified out of which CHYLD operates. Additionally, nothing has been filed with the State of Texas, the Texas Workforce Commission or any other state agency indicating MELLO or

CHYLD is providing child development services. There are no employees and/or contractors that have reported wages on their own respective tax returns and there has been no wages or contractor pay reported to the IRS listing CHYLD's EIN.

## E.  Specific Misrepresentation

According to the County Clerk of Bexar County, MELLO filed an Assumed Name Certificate with Bexar County Clerk, in San Antonio, Texas creating CHYLD with address 17460 I-35 N, Ste 430-327 Schertz, TX 78154 on December 15, 2016. A review of DFAS records contained SF 1080s from CHYLD using 17460 I-35 N, Ste 430-327 Schertz, TX 78154 on the first SF 1080 submitted on December 13, 2016. CHYLD's address was updated on March 7, 2019, to 20770 Hwy 281 N Suite 108-421 San Antonio, TX 78258.  Through surveillance of 17460 I-35 N, Ste 430-327 Schertz, TX 78154 and 20770 Hwy N 281 N Suite 108-421, San Antonio, TX 78258 it was discovered both addresses are for UPS Stores that offer mailbox services to individuals and businesses. Based on my investigation, there is no evidence CHYLD has a physical address out of which it operates.

According to DFAS, the normal process for the distribution of funds requires MELLO's supervisor to submit a memo to DFAS indicating an entity, e.g. CHYLD, is approved to receive grant funds and lists the source of those funds. On all of the memos submitted by MELLO's supervisor wherein CHYLD was listed as the recipient of the funds, MELLO was listed as the person to whom DFAS should direct any questions about payment authorization. Additionally, each of the CHYLD memos directed payment to be made by check and shipped to CHYLD via FedEx to one of the two addresses associated with CHYLD referenced above. Specific examples of these memos are included below.

According to DFAS records, Memo 17-170 included a payment request of $983,483.68 be

made via check and that the check be mailed via FEDEX to CHYLD at 17460 I-35, N Suite 430-327 Schertz, Texas 78154. The memo was dated January 17, 2017, and included MELLO as the point of contact. Attached to Memo 17-170 was an email sent on November 30, 2016 at 4:02 PM from KLJones@satxnifa.usda.gov to MELLO via her military email address, (janet.p.yamanka.naf@mail.mil), with subject title "RE: [non-DoD Source] 2013-2014 agreements (UNCLASSIFIED)." The email signature indicated the email was sent by Kathy Johnson and described Johnson as the Financial Analyst/Reimbursable Coordinator at CHYLD. The signature block also listed Johnson's contact phone number as 210-532-7156. Based on the investigation, Kathy Johnson, the phone number, and email address appear to be fake, as no phone number or email address returns to CHYLD or Kathy Johnson. Memo 17-170 was processed and payment in the amount of $983,483.68 was submitted to CHYLD on or about January 19, 2017. The check was then deposited into a Wells Fargo account #5140573105 (3105), on January 23, 2017.

According to DFAS records, Memo 17-186 was submitted to DFAS on or about January 30, 2017. Attached to the memo, was an email with subject title "[Non-DoD Source] 2017 agreements (UNCLASSIFIED]", from Kathy Johnson, email address KLJones@satxnifa.usda.gov to MELLO via her military email address, (janet.p.yamanka.naf@mail.mil). The email signature contained the name contact name of Kathy Johnson, Financial Analyst/Reimbursable Coordinator at CHYLD with phone number 210-532-7156. In the email, Johnson requests "$900,000 be paid payable to the office below. Child, Health and Youth Lifelong Learning 17460 I-35, N Suite 430-327 Schertz, Texas 78154." Memo 17-186 was processed, and payment in the amount of $900,000 was sent to CHYLD on or about February 1, 2017.

According to DFAS records, Memo 17-424 was submitted to DFAS on or about June 7,

2017. Attached to the memo was an email from email address MELLO using her military email address (janet.p.yamanaka.naf@mail.mil) replying to Jenny Henderson - Supervisory Voucher Examiner VE03 at email address (jenny.r.henderson.naf@mail.mil) with subject "RE: Memo 17-424 for USDA Army/4-H Military Partnership". The email included Henderson asking MELLO to whom the check should be written. MELLO replied stating, "It needs to be made out to Child Health and Youth lifelong Development". Memo 17-424 was processed and payment in the amount of $872,193.24 was sent to CHYLD on or about June 07, 2017.

## F.  Recent Activity

According to Texas Secretary of State records, MELLO registered a business using the name Child Health and Youth lifelong Learning (CHYLD), LLC (CHYLD, LLC), on June 04, 2023. The Respondent Real Property 2 is listed as the registered address for CHYLD, LLC and MELLO is listed as the Registered Agent. Agents conducting surveillance have confirmed the Respondent Real Property 2 is MELLO's primary residence.

According to DFAS record Memo 23-393 dated July 26, 2023, MELLO submitted the memo requesting check for $3,795,000 be made out to CHYLD, LLC and that the check be mailed out to CHYLD, LLC at 20770 Hwy 281N Suite #108-421, San Antonio, TX 78258. MELLO is listed as the point of contact and MELLO signed Memo 23-393 certifying the funds requested were available.

The most recent payment request submitted to DFAS was dated August 14, 2023.  This request included a memorandum with the subject "IB1 Funding Authorization for Military Youth Partnerships #23-416."  The memorandum instructed, "Request a check be made in the amount of $4,403,876.00 to Child, Health and Youth Lifelong Learning from the Installation Management Command (IMCOM) MWR Fund (IB1).  Please send FEDEX to Child, Health and Youth

Lifelong Learning Development Office, 20770 Hwy 281N Suite #108-421, San Antonio, TX 78258." The point of contact listed in the memorandum was "CYS Financial Program Manager, Ms. Janet Yamanaka, (210) 466-1082; janet.p.yamanaka.naf@army.mil." The memorandum was digitally signed by the Chief, CYS, IMCOM, and MELLO digitally signed to certify funds were available for payment.

Agents confirmed MELLO is currently receiving official mail for CHYLD, LLC at the Subject Real Property 2. The records identified include:

a. Bank of America Tax Reporting correspondence addressed to "Child Health and Youth Lifelong Development".

b. Wells Fargo Bank, NA correspondence addressed to "CHYLD – Janet Mello".

c. Corporate Certificates correspondence addressed to "Child Health And YOUTH Lifelong Learning (chyld)".

Additionally, even though MELLO uses a UPS Store mailbox as the mailing address for CHYLD, businesses and individuals who utilize these mailboxes will normally retrieve their mail from their box and take the mail back to their business or to their home.

Knowing that MELLO filed as a managing member and the registered agent for CHYLD, LLC and used her home address as the registered address for CHYLD, LLC, business records for CHYLD and CHYLD, LLC are believed to be stored at her home.

## G. How the Proceeds of Fraud were Spent

As noted above, MELLO reported only $483 in net profit in 2017 from CHYLD on her 2017 income tax return. Additionally, MELLO's salary from the Army from 2017 to 2022 (detailed below) did not exceed $126,996.00. The assets that MELLO has been able to acquire have not been acquired using the funds that MELLO reported on her tax returns, but rather using

the proceeds from her fraud.

| Tax Year | Form W2 Gross Wages |
|----------|---------------------|
| 2022 | $126,996.00 |
| 2021 | $125,634.00 |
| 2020 | $119,162.00 |
| 2019 | $121,718.00 |
| 2018 | $112,014.00 |
| 2017 | $107,460.00 |

In reviewing records for BOA account #1289 for the period December 17, 2021 through May 31, 2023, proceeds of MELLO's fraud were deposited into BOA account #1289, MELLO transfers funds to other accounts she controls. As detailed further below, the funds are then largely spent on jewelry, real estate, vehicles, luxury retail, and travel, all benefitting MELLO directly. The vehicles and real estate properties acquired are placed in the name of MELLO and her husband Mark Mello (M. Mello). Based on my training, experience and the facts of this case, the expenditures for jewelry, real estate, vehicles, luxury retail, and travel are not normal expenditures for an entity providing child and youth development services.

## H.  **Bank Accounts**

DFAS records reveal that CHYLD first requested payment on or about December 13, 2016, and has received forty-three checks as of April 31, 2023 totaling $103,261,657.43. Bank records reviewed in this case indicate many of the checks paid to CHYLD by DFAS were deposited at Bank of America (BOA), Encino Park branch located at 20902 U.S. Hwy 281 N, San Antonio, TX 78258, which is located just across from the UPS Store referenced above on Highway 281. The funds were then often transferred to other banks, including Wells Fargo (WF) and USAA.

In reviewing subpoenaed bank records from BOA, Wells Fargo, USAA and records received from DFAS, agents have been able to trace funds distributed to CHYLD and CHYLD

LLC to various bank accounts controlled by MELLO and for which MELLO is an authorized

signer, including the bank accounts listed below:

| Bank | Last 4 of Account | Account Holder |
|------|-------------------|----------------|
| BOA | 1289 | Janet P. Yamanaka dba CHYLD |
| BOA | 3292 | Janet P. Yamanaka dba CHYLD |
| BOA | 1060 | Janet P. Yamanaka dba CHYLD |
| BOA | 2364 | Janet P. Mello |
| BOA | 3911 | No. W. Cattle |
| WF | 3105 | Janet P. Yamanaka dba CHYLD |
| WF | 6702 | Janet P. Yamanaka dba CHYLD |
| WF | 7209 | Janet P. Mello |
| USAA | 7777 | Janet P. Mello |

A review of the above listed accounts revealed that from on or about December 13, 2016,

and until the date of the Amended Verified Complaint, MELLOW would deposit her checks into

BOA #1289. From there she would transfer the proceeds throughout the above-referenced

accounts. Each account exclusively contained proceeds, gains on proceeds, or transfer of

proceeds from the above-referenced accounts.

**I. Purchase of Respondent Real Property 1 (4218 Harmony Road, Preston, Caroline County, Maryland)**

Based on records received in this case, MELLO and her husband purchased the Respondent

Real Property 1 on July 27, 2023. On June 24, 2023, MELLO provided a check to Benson &

Mangold, LLC in the amount of $75,000.00 for the Respondent Real Property 1. Subsequently,

on July 27, 2023, MELLO and her husband transferred funds from BOA account #488073612364

(2364) to Venture Title Company, LLC in the form of a $3,083,503.79 wire transfer to purchase

the Respondent Real Property 1. The wire details for that wire indicated the wire was sent by

"Mark T Mello, 4051 Fossil Forest, San Antonio, Texas 78261-2633". The owner of BOA #2364

is listed as "Janet Y. Mello." Based on the review of bank statements, CYS funds from 2017

14

through 2023 were used to fund the payment of Respondent Real Property 1.

**J.** **Purchase of Respondent Real Property 2 (4051 Fossil Forest, San Antonio, Bexar County, Texas)**

Based on Chicago Title of Texas, LLC records received in this case, MELLO and her husband purchased the Respondent Real Property 2 on July 24, 2017. On July 21, 2017, MELLO's husband transferred funds from Wells Fargo account #5141076702 (6702) to Chicago Title of Texas LLC in the form of a $663,956.84 wire transfer to purchase the Respondent Real Property 2. The wire details indicated the wire was sent by "CHILD HEALTH AND YOUTH LIFE LONG 17460 I-35 N SUITE 430-327, SCHERTZ, TX 78154". The owner of WF #6702 is listed as "Janet P. Yamanaka DBA Child Health and Youth Lifelong." Based on the facts, CYS funds from 2017 were used to fund the payment of Respondent Real Property 2.

**K.** **Purchase of Respondent Real Property 3 (39850 FM 3159, Canyon Lake, Comal County, Texas, and 40454 FM 3159, New Braunfels, Comal County, Texas)**

Based on records received in this case, MELLO and her husband purchased the Respondent Real Property 3 on November 30, 2022, for $3,342,333.99.  On November 16, 2022, they provided two checks to University Title in the amount of $33,180.00 for earnest money and a check for $1,000.00 for option fees, for the Respondent Real Property 3.  Subsequently, on November 28, 2023, MELLO and her husband transferred funds from BOA  #2364 to University Title in the form of a $3,308,157.99 wire transfer to purchase the Respondent Real Property 3. The wire details indicated the wire was sent by "Janet Y. Mello, 4051 Fossil Forest, San Antonio, Texas 78261-2633". The owner of BOA #2364 is listed as "Janet Y. Mello and Mark T. Mello". Based on the facts, CYS funds from 2017 through 2022 were used to fund the payment of Respondent Real Property 3.

**L.** **Respondent Real Properties 4 through 30**

On August 29, 2023, Agents from the Internal Revenue Service (IRS) and the United States Army Criminal Investigation Division (CID), conducted a search of Respondent Real Property 2

pursuant to a federal search warrant. During the search of the property, MELLO was interviewed by IRS and CID agents regarding the proceeds she received on behalf of CHYLD.   During the interview, she admitted that she used the proceeds she received from DFAS to purchase jewelry, clothing, vehicles, and real property. IRS agents provided a list containing the properties listed below to MELLO, that were previously identified as being owned by MELLO and her husband prior to the execution of the search warrant:

| RRP | Description | City | State |
|-----|-------------|------|-------|
| 1 | 4218/4208/4228 Harmony Road | Preston | Maryland |
| 2 | 4051 Fossil Forrest | San Antonio | Texas |
| 3 | 40454 FM 3159 | New Braunfels | Texas |
| 4 | 39850 FM 3159 | Canyon Lake | Texas |
| 5 | 2 Sugar Maple | Mayhill | New Mexico |
| 6 | Cloud Country #2 | Mayhill | New Mexico |
| 7 | 98 Island Dr Unit 41 | Horseshoe Bay | Texas |
| 8 | 101 W Bank Unit 56 | Horseshoe Bay | Texas |
| 9 | 106 Ouray St | Boerne | Texas |
| 10 | 104 Alamosa Way | Boerne | Texas |
| 11 | 103 Creede St | Boerne | Texas |
| 12 | 973 Mystic Pkwy | Spring Branch | Texas |
| 13 | 2808 Aurora | Horseshoe Bay | Texas |
| 14 | Fault Line | Horseshoe Bay | Texas |
| 15 | 4100 Cashmere Dr NE | Lacey | Washington |
| 16 | 5190 Graytown RD | Schertz | Texas |
| 17 | 5524 Lemon Gulch Rd | Castle Rock | Colorado |
| 18 | 11080 Ware Seguin RD | Schertz | Texas |
| 19 | Blazing Star Lot 21 | Horseshoe Bay | Texas |
| 20 | Blazing Star Lot 22 | Horseshoe Bay | Texas |
| 21 | FM 532 | Gonzales | Texas |
| 22 | Skywater Lot 3 | Cloudcroft | New Mexico |
| 23 | Skywater Lot 4 | Cloudcroft | New Mexico |
| 24 | Spider Valley Lot W18074 | Horseshoe Bay | Texas |
| 25 | Spider Valley Lot W18075 | Horseshoe Bay | Texas |
| 26 | Sunshine | Horseshoe Bay | Texas |
| 27 | Bay West Blvd | Horseshoe Bay | Texas |
| 28 | Uplift/Bay West | Horseshoe Bay | Texas |
| 29 | Verde Mountain Trail | San Antonio | Texas |
| 30 | 4240 S Zephyr Street | Lakewood | Colorado |

MELLO was able to confirm that all the above listed properties, were purchased with proceeds received on behalf of CHYLD from 2017 to August 2023. However, MELLO indicated that certain properties have since been sold and sales proceeds were deposited to bank accounts controlled by MELLO. Search warrant evidence secured during the warrant on August 29, 2023, validated that MELLO had detailed records of most of the properties listed above. The files were organized by folders with tabs titled with the property address. In each folder, the files contained real estate transaction records to include title policy, purchase settlements, and plot surveys for the property.

**M. Respondent Real Property 31 (11.53 Acres located in Seabeck, Kitsap County, Washington)**

Within the records retrieved from 4051 Fossil Forrest, agents discovered records pertaining to a previously unknown property described as 11.53 Acres located in Seabeck, Kitsap County, Washington (Respondent Real Property 31). This property consisted of four parcels of land deeded in the same warranty deed to Mark T. Mello and Janet P. Yamanaka (MELLO) on August 3, 2017. This land was purchased during the time frame she was receiving illegal proceeds from DFAS and months after MELLO terminated her bankruptcy.

### CONCLUSION

Based on the facts presented, the United States asserts that the Respondent Real Properties represent proceeds which constitute or were derived from proceeds traceable to Mail Fraud under Title 18 U.S.C. § 1341 (Mail Fraud) and Title 18 U.S.C § 1956 and 1957 (Money Laundering).

### V.
### PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Real Properties, that due notice pursuant to Rule G(4) be

given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that

an order be entered to command the Internal Revenue Service to post the Notice of Complaint for

Forfeiture in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims

and Asset Forfeiture Actions, Fed. R. Civ. P., and Title 18 U.S.C. § 985(c)(1)(B), that the

Respondent Real Properties be forfeited to the United States, and that the Respondent Real

Properties be disposed of in accordance with the law, and for any such further relief as this

Honorable Court deems just and proper.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By: _____

ANTONIO FRANCO, JR.
Assistant United States Attorney
Asset Forfeiture Section
Texas Bar No. 00784077
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Email: Antonio.Franco@usdoj.gov

Attorneys for the United States of America

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Subject Real Properties.

## VERIFICATION

Special Agent Erik Nevarez, declares and says that:

     1.  I am a Special Agent with the United States Department of the Treasury, Internal Revenue Service Criminal Investigation (IRS-CI), Houston Field Office, and the investigator responsible for the accuracy of the information provided in this litigation; and

     2.  I have read the above Amended Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Amended Verified Complaint for Forfeiture are true.

     Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

     Executed on this the   18   day of December 2023.

Erik Nevarez, Special Agent
Internal Revenue Service
Criminal Investigations Division

**ATTACHMENT A**
**LEGAL DESCRIPTIONS**

1. **4218, 4208, and 4228 Harmony Road, Preston, Caroline County, Maryland,** hereinafter the Respondent Real Property 1 and more fully described as:

Tract One: Tax ID#: 04-005171

ALL that property situate, lying and being in the Fourth Election District Of Caroline County, Maryland, and lying within the parcel more particularly shown and designated as "TAX MAP 53, GRID 15, PARCEL 41, LOT 1 AREA BEFORE REVISION = 18.87i ACRES $\pm$ AREA AFTER REVISION = 19.614 ACRES$\pm$" on a Plat prepared by Christopher Waters Professional Land Surveying titled "LOT LINE REVISION ON THE LANDS OF DAVID H. WILSON & PEGGY A. WILSON HARMONY ROAD, LLC.  TAX MAP 53 GRIDS 15 & 21 PARCELS 41 & 182 FOURTH ELECTION DISTRICT, CAROLINE COUNTY, MARYLAND," dated August 2009 (revised through February 16, 2010) and recorded among the Plat Records of Caroline County, Maryland in Liber 14, folio 84; reference is hereby made to said plat and the record thereof for a more complete description of said lot by metes and bounds, courses and distances.

SUBJECT TO AND TOGETHER WITH a right-of-way over property described as "Proposed 30 Foot Wide Right-Of-Way" shown on the above-mentioned plat to be used in common with others legally entitled thereto for purposes of ingress, egress and regress to and from said lot and Maryland Route 16.

SUBJECT TO AND TOGETHER WITH a right-of-way over property described as "Existing 20 Foot Wide Access Right-Of-Way and Utility Easement" shown on the above-mentioned plat to be used in common with others legally entitled thereto for purposes of ingress, egress and regress to and from the above-described tract of land and Maryland Route 16.

BEING the same property which was conveyed unto David H. Wilson and Peggy A. Wilson from ADBM Properties, LLC, a Maryland Limited Liability Company by Deed dated January 25, 2005 and recorded among the Land Records of Caroline County, Maryland in Liber 583, folio 129.

ALSO BEING the same property which was conveyed unto David H. Wilson and Peggy A. Wilson from Harmony Road, LLC, a Maryland Limited Liability Company by Deed dated August 9, 2010 and recorded among the Land Records of Caroline County, Maryland in Liber 925, folio 323.

Tract Two: Tax ID#: 04-005309

ALL that lot or tract of land situate in the Fourth Election District of Caroline County, Maryland, designated as "Area – 18.87 Acres$\pm$, adjoining the 20.00 Acre$\pm$ "on a plat

entitled "PLAT SHOWING REVISION OF BOUNDARY LINES ON THE LANDS OF HERSCHELL B. CLAGGETT, JR., IN THE FOURTH ELECTION DISTRICT, CAROLINE COUNTY, MARYLAND", as prepared by Lane Engineering, Inc., dated July 20, 2001 and recorded among the Plat Records of Caroline County, Maryland in Plat Liber 26, folio 1539; reference is hereby made to said plat and the record thereof for a more complete description of said lot by metes and bounds, courses and distances.

TOGETHER WITH a right-of-way over property described as "Proposed 30 Foot Wide Right-Of-Way" shown on the above-mentioned plat to be used in common with others legally entitled Thereto for purposes of ingress, egress and regress to and from said lot and Maryland Route 16.
TOGETHER WITH a right-of-way over property described as "Existing 20 Foot Wide Access Right-Of-Way and Utility Easement" shown on the above-mentioned plat to be used in common with others legally entitled thereto for purposes of ingress, egress and regress to and from the above-described tract of land and Maryland Route 16.

BEING the same property which was conveyed unto David H. Wilson and Peggy A. Wilson from ADBM Properties, LLC, a Maryland Limited Liability Company by Deed dated January 17, 2003 and recorded among the Land Records of Caroline County, Maryland in Liber 471, folio 268.

Tract Three: Tax ID#: 04-025679

ALL that lot or tract of land situate in the Fourth Election District of Caroline County, Maryland, designated as "AREA = 20.00 ACRES $\pm$, on a plat entitled "PLAT SHOWING REVISION OF BOUNDARY LINES ON THE LANDS OF HERSCHELL B. CLAGGETT, JR., IN THE FOURTH ELECTION DISTRICT, CAROLINE COUNTY, MARYLAND", as prepared by Lane Engineering, Inc., dated July 20, 2001 and recorded among the Plat Records of Caroline County, Maryland in Plat Liber 26, folio 1539; reference is hereby made to said plat and the record thereof for a more complete description of said lot by metes and bounds, courses and distances.

Also shown and designated on a plat entitled: PLAT SHOWING REVISED SEWAGE RESERVED AREA ON THE LANDS OF DAVID H. WILSON & PEGGY A. WILSON, prepared by c & R Professional Land Surveyors, dated September 13, 2005 and recorded among the Plat Records of Caroline County, MD in Plat Liber 28, folio 1804.

TOGETHER WITH a right-of-way over property described as "Proposed 30 Foot Wide Right-Of-Way" shown on the above-mentioned plat to be used in common with others legally entitled thereto for purposes of ingress, egress and regress to and from said lot and Maryland Route 16.

TOGETHER WITH a right-of-way over property described as "Existing 20 Foot Wide Access Right-Of-Way and Utility Easement" shown on the above-mentioned plat to be

2

used in common with others legally entitled thereto for purposes of ingress, egress and regress to and from the above-described tract of land and Maryland Route 16.

BEING the same property which was conveyed unto David H. Wilson and Peggy A. Wilson from Herschell B. Claggett, Jr., by Deed dated October 11, 2001 and recorded among the Land Records of Caroline County, Maryland in Liber 423, folio 224.

2. **4051 Fossil Forrest, San Antonio, Bexar County, Texas**, hereinafter the Respondent Real Property 2 and more fully described as:

LOT 97, BLOCK 4, FOSSIL RIDGE, UNIT 2 (PLANNED UNIT DEVELOPMENT), BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9554, PAGE 45, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

3. **39850 FM 3159, Canyon Lake, Comal County, Texas,** hereinafter the Respondent Real Property 3 and more fully described as:

BEING AT 4.383 ACRE TRACT OF LAND SITUATED IN THE LEONA IRRIGATION & AGRICULTURE ASSOCIATION SURVEY NO. 823, ABSTRACT NO. 376, COMAL COUNTY, TEXAS AND BEING ALL OF A CALL 4.383 ACRE TRACT OF LAND RECORDED IN DOCUMENT NO. 200506016286, OFFICIAL PUBLIC RECORDS, COMAL COUNTY, TEXAS, SAID 4.383 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 1/2" IRON ROD FOUND WITH A YELLOW "WCR" PLASTIC CAP IN THE APPARENT EAST RIGHT-OF-WAY OF F.M. HIGHWAY NO. 3159, FOR A CORNER OF THAT CERTAIN 153.724 ACRE TRACT OF LAND RECORDED IN DOCUMENT NO. 201706050640, OFFICIAL PUBLIC RECORDS, COMAL COUNTY, TEXAS, THE SOUTHERNMOST CORNER OF THE ABOVE REFERENCED 4.383 ACRE TRACT AND HEREIN DESCRIBED TRACT;

THENCE WITH THE COMMON LINE OF THE APPARENT RIGHT-OF-WAY OF F.M. HIGHWAY NO. 3159 AND SAID 4.383 ACRE TRACT, NORTH 00 DEGREES 57 MINUTES 08 SECONDS WEST, A DISTANCE OF 57.90 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP FOR A CORNER OF SAID 153.724 ACRE TRACT, A CORNER OF SAID 4.383 ACRE TRACT AND HEREIN DESCRIBED TRACT;

THENCE WITH THE COMMON LINE OF SAID 153.724 ACRE TRACT AND SAID 4.383 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

NORTH 39 DEGREES 45 MINUTES 43 SECONDS EAST, A DISTANCE OF 10.88 FEET TO A 1/2" IRON ROD FOUND WITH A YELLOW "WCR" PLASTIC CAP;

3

NORTH 25 DEGREES 22 MINUTES 49 SECONDS EAST, A DISTANCE OF 582.05 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

NORTH 57 DEGREES 26 MINUTES 05 SECONDS EAST, A DISTANCE OF 323.66 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

SOUTH 20 DEGREES 44 MINUTES 57 SECONDS EAST, A DISTANCE OF 188.85 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

SOUTH 07 DEGREES 13 MINUTES 19 SECONDS WEST, A DISTANCE OF 151.39 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

SOUTH 50 DEGREES 18 MINUTES 34 SECONDS WEST, A DISTANCE OF 176.72 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

SOUTH 37 DEGREES 07 MINUTES 33 SECONDS WEST, A DISTANCE OF 241.33 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

SOUTH 74 DEGREES 16 MINUTES 24 SECONDS WEST, A DISTANCE OF 283.80 FEET TO A CALCULATED POINT (COULD NOT SET); .

AND SOUTH 20 DEGREES 22 MINUTES 36 SECONDS WEST, A DISTANCE OF 61.17 FEET TO THE POINT OF BEGINNING CONTAINING 4.383 ACRES OF LAND.

4. **40454 FM 3159, New Braunfels, Comal County, Texas**, hereinafter the Respondent Real Property 4 and more fully described as:

BEING A 153.724 ACRE TRACT OF LAND SITUATED IN THE LEONA IRRIGATION & AGRICULTURE ASSOCIATION SURVEY NO. 823, ABSTRACT NO. 376 AND B.F. SMITHSON SURVEY NO. 926, ABSTRACT NO. 849, COMAL COUNTY, TEXAS AND BEING THE REMAINING PORTION OF A CALLED 155.187 ACRE TRACT OF LAND RECORDED IN DOCUMENT NO. 200506016286, OFFICIAL PUBLIC RECORDS, COMAL COUNTY, TEXAS, SAID

153.724 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

4

BEGINNING AT AN IRON ROD SET IN THE EAST RIGHT-OF-WAY LINE OF CRANES MILL ROAD, FOR THE SOUTH COMER OF THE ABOVE REFERENCED 155.187 ACRE TRACT AND HEREIN DESCRIBED TRACT;

THENCE WITH THE COMMON LINE OF THE RIGHT-OF-WAY OF CRANES MILL ROAD AND SAID 155.187 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

NORTH 01 DEGREES 24 MINUTES 13 SECONDS EAST, A DISTANCE OF 238.98 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

NORTH 08 DEGREES 40 MINUTES 57 SECONDS EAST, A DISTANCE OF 42.91 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

NORTH 13 DEGREES 12 MINUTES 50 SECONDS EAST, A DISTANCE OF 194.64 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

NORTH 00 DEGREES 39 MINUTES 52 SECONDS WEST, A DISTANCE OF 298.44 FEET TO AN IRON ROD SET;

AND NORTH 18 DEGREES 03 MINUTES 28 SECONDS WEST, A DISTANCE OF 155.65 FEET TO A TXDOT CONCRETE RIGHT-OF-WAY MARKER FOUND FOR A CUTBACK CORNER OF F.M. HIGHWAY NO. 3159, THE SOUTH CORNER OF A CALLED 4047 SQUARE FEET TRACT OF LAND RECORDED IN DOCUMENT NO. 200506027731, OFFICIAL PUBLIC RECORDS, COMAL COUNTY, TEXAS AND A CORNER OF SAID 155.187 ACRE TRACT;

THENCE WITH THE COMMON LINE OF SAID 4047 SQUARE FEET TRACT THE FOLLOWING COURSES AND DISTANCES:

NORTH 65 DEGREEES 54 MINUTES 08 SECONDS EAST, A DISTANCE OF 93.07 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

AND NORTH 54 DEGREES 47 MINUTES 46 SECONDS WEST, A DISTANCE OF 101.23 FEET TO A TXDOT CONCRETE RIGHT-OF-WAY MARKER FOUND IN THE EAST RIGHT-OF-WAY LINE OF F.M. HIGHWAY NO. 3159, FOR THE NORTH CORNER OF SAID 4047 SQUARE FEET TRACT AND A CORNER OF SAID 155.187 ACRE TRACT;

THENCE WITH THE COMMON LINE OF THE RIGHT-OF-WAY OF F.M. HIGHWAY NO. 3159 AND SAID 155.187 ACRE TRACT, NORTH 22 DEGREES

28 MINUTES 00 SECONDS EAST, A DISTANCE OF 445.95 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP FOR THE WEST CORNER OF A CALLED 1.147 ACRE TRACT OF LAND RECORDED IN DOCUMENT NO. 200506027731, OFFICIAL PUBLIC RECORDS, COMAL COUNTY, TEXAS;

THENCE WITH THE COMMON LINE OF SAID 1.147 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

SOUTH 67 DEGREES 33 MINUTES 54 SECONDS EAST, A DISTANCE OF 185.04 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

NORTH 22 DEGREES 25 MINUTES 26 SECONDS EAST, A DISTANCE OF 270.20 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

AND NORTH 67 DEGREES 37 MINUTES 39 SECONDS WEST, AT 164.12 FEET AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP AND CONTINUING A TOTAL DISTANCE  OF 184.84 FEET TO A POINT IN THE SOUTHEAST RIGHT-OF-WAY LINE OF F.M. HIGHWAY NO. 3159, THE NORTHWEST LINE OF SAID 155.187 ACRE TRACT, FOR THE NORTH CORNER OF SAID 1.147 ACRE TRACT;

THENCE WITH THE COMMON LINE OF THE RIGHT OF WAY OF F.M. HIGHWAY NO. 3159 AND SAID 155.187 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

NORTH 22 DEGREES 28 MINUTES 00 SECONDS EAST, A DISTANCE OF 366.62 FEET TO A TXDOT CONCRETE RIGHT-OF-WAY MARKER FOUND;

AND NORTH 12 DEGREES 37 MINUTES 11 SECONDS EAST, A DISTANCE OF 595.79 FEET TO A TXDOT CONCRETE RIGHT-OF-WAY MARKER FOUND;

THENCE WITH COMMON LINE OF THE APPARENT RIGHT-OF-WAY OF F.M. HIGHWAY NO. 3159 AND SAID 155.187 ACRE TRACT, NORTH 00 DEGREES 57 MINUTES 08 SECONDS WEST, A DISTANCE OF 29.16 FEET TO AN IRON ROD SET FOR THE SOUTH CORNER OF A CALLED 4.383 ACRE TRACT OF LAND RECORDED IN DOCUMENT NO. 200506016286, OFFICIAL PUBLIC RECORDS, COMAL COUNTY, TEXAS;

THENCE WITH THE COMMON LINE OF SAID 4.383 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

NORTH 20 DEGREES 22 MINUTES 36 SECONDS EAST, A DISTANCE OF 61.17

FEET TO A CALCULATED POINT (COULD NOT SET);

NORTH 74 DEGREES 16 MINUTES 24 SECONDS EAST, A DISTANCE OF 283.80 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

NORTH 37 DEGREES 07 MINUTES 33 SECONDS EAST, A DISTANCE OF 241.33 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

NORTH 50 DEGREES 18 MINUTES 34 SECONDS EAST, A DISTANCE OF 176.72, FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

NORTH 07 DEGREES 13 MINUTES 19 SECONDS EAST, A DISTANCE OF 151.39 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

NORTH 20 DEGREES 44 MINUTES 57 SECONDS WEST, A DISTANCE OF 188.85 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;  .

SOUTH 57 DEGREES 26 MINUTES 05 SECONDS WEST, A DISTANCE OF 323.66 FEET TO AN IRON ROD FOUND WITH AN ORANGE "RPLS 4069" PLASTIC CAP;

SOUTH 25 DEGREES 22 MINUTES 49 SECONDS WEST, A DISTANCE OF 582.05 FEET TO AN IRON ROD SET;

AND SOUTH 39 DEGREES 45 MINUTES 43 SECONDS WEST, A DJSTANCE OF 10.88 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP IN THE APPARENT EAST RIGHT-OF-WAY LINE OF F.M. HIGHWAY NO. 3159, THE WEST LINE OF SAID 155.187 ACRE TRACT, FOR A CORNER OF SAID 4.383 ACRE TRACT;

THENCE WITH THE COMMON LINE OF THE APPARENT RIGHT-OF-WAY OF F.M. HIGHWAY NO. 3159 AND SAID 155.187 ACRE TRACT, GENERALLY WITH A WIRE FENCE THE FOLLOWING COURSES AND DISTANCES:

NORTH 00 DEGREES 57 MINUTES 08 SECONDS WEST, A DISTANCE OF 150.68 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

NORTH 08 DEGREES 30 MINUTES 06 SECONDS EAST, A DISTANCE OF 352.02 FEET TO A 7" WOOD·FENCE POST FOUND;

7

NORTH 01-DEGREES 43 MINUTES 59 SECONDS WEST; A DISTANCE OF 165.00 FEET TO A 7" WOOD FENCE POST FOUND;

AND NORTH 32 DEGREES 56 MINUTES 59 SECONDS WEST, A DISTANCE OF 337.89 FEET TO A TXDOT CONCRETE RIGHT-OF-WAY MARKER FOUND FOR A CORNER OF THE RIGHT-OF-WAY OF F.M. HIGHWAY NO. 3159 AND A COMER OF SAID 155.187 ACRE TRACT;

THENCE WITH  THE COMMON LINE OF THE RIGHT-OF-WAY OF F.M. HIGHWAY NO. 3159 AND SAID 155.187 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

NORTH 20 DEGREES 42 MINUTES 10 SECONDS EAST, A DISTANCE OF 805.78 FEET TO A TXDOT CONCRETE RIGHT-OF-WAY MARJ(ERFOUND;

AND NORTH 53 DEGREES 45 MINUTES 31 SECONDS EAST, A DISTANCE OF 424.32 FEET TO A TXDOT CONCRETE RIGHT-OF-WAY MARKER FOUND;

THENCE WITH THE COMMON LINE OF THE APPARENT RIGHT-OF-WAY OF F.M. HIGHWAY NO. 3159 AND SAID 155.187 ACRE TRACT, GENERALLY WITH A WIRE FENCE THE FOLLOWING COURSES AND DISTANCES:

NORTH 84 DEGREES 37 MINUTES 26 SECONDS EAST, A DISTANCE OF 185.56 FEET TO A CONCRETE MARKER FOUND;

NORTH 66 DEGREES 24 MINUTES 05 SECONDS EAST, A DISTANCE OF 211.15 FEET A CALCULATED POINT, A 60D NAIL FOUND BEARS NORTH 57 DEGREES 14 MINUTES 48 SECONDS EAST, A DISTANCE OF 4.06 FEET;

AND NORTH 64 DEGREES 57 MINUTES 47 SECONDS EAST, A DISTANCE OF 14.79 FEET TO A 3/8" IRON ROD FOUND FOR THE WEST CORNER OF A CALLED 6.47 ACRE TRACT OF LAND RECORDED IN DOCUMENT NO. 201606008815, OFFICIAL, PUBLIC RECORDS, COMAL COUNTY, TEXAS, THE NORTH CORNER OF SAID 155.187 ACRE TRACT AND HEREIN DESCRIBED TRACT;

THENCE WITH THE COMMON LINE OF SAID 6.47 ACRE TRACT, A CALLED 80.59 ACRE TRACT OF LAND RECORDED IN VOLUME 132, PAGE 301, DEED RECORDS, COMAL COUNTY, TEXAS, GENERALLY WITH A WIRE FENCE THE FOLLOWING COURSES AND DISTANCES:

SOUTH 45 DEGREES 26 MINUTES 08 SECONDS EAST, A DISTANCE OF 716.43 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MDS SURVEY" PLASTIC CAP;

8

AND SOUTH 46 DEGREES 35 MINUTES 20 SECONDS EAST, A DISTANCE OF 350.78 FEET TO A 1/2" IRON ROD FOUND FOR THE SOUTH CORNER OF SAID 6.47 ACRE·TRACT, THE WEST COMER·OF LOT 36 L, INLAND ESTATES SUBDIVISION RECORDED IN VOLUME 9, PAGE 71, MAP & PLAT RECORDS, COMAL COUNTY, TEXAS, A COMER OF A CALLED 1153.575 ACRE TRACT OF LAND RECORDED IN VOLUME 276, PAGE 821 DEED RECORDS, COMAL COUNTY, TEXAS AND A CORNER OF SAID 80.59 ACRE TRACT;

THENCE WITH THE COMMON LINE OF SAID 1153.575 ACRE TRACT AND 80.59 ACRE TRACT, GENERALLY WITH A WIRE FENCE THE FOLLOWING COURSES AND DISTANCES:

SOUTH 22 DEGREES 37 MINUTES 23 SECONDS EAST, A DISTANCE OF 61.34 FEET TO A 1/2" IRON ROD FOUND;

SOUTH 47 DEGREES 34 MINUTES 06 SECONDS EAST, A DISTANCE·OF 162.72 FEET TO A FENCED 14" CEDAR TREE FOUND;

SOUTH 51 DEGREES 14 MINUTF,S 33 SECONDS EAST, A DISTANCE OF 53.03 FEET TO A FENCED 15" CEDAR 'TREE FOUND;

SOUTH 53 DEGREES 22 MINUTES 08 SECONDS EAST, A DISTANCE OF 368.57 FEET TO A-FENCED 15" CEDAR TREE FOUND;

SOUTH 49 DEGREES 50 MINUTES 36 SECONDS EAST, A DISTANCE OF 34.87 FEET TO A 1/2" IRON ROD·FOUND;

SOUTH 46 DEGREES 57 MINUTES 41 SECONDS EAST, A DISTANCE OF 346.30 FEET TO A 3" CEDAR FENCE POST FOUND;

SOUTH 39 DEGREES 14 MINUTES 23 SECONDS EAST, A DISTANCE OF 141.88 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

SOUTH 10 DEGREES 36 MINUTES 52 SECONDS EAST, A DISTANCE OF 98.86 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

SOUTH 27 DEGREES 17 MINUTES 57 SECONDS EAST, A DISTANCE OF 73.22 FEET TO A 1/2" IRON ROD FOUND FOR A CORNER OF SAID LOT 36 L, A CORNER OF SAID 1153.575 ACRE TRACT, THE NORTH CORNER OF LOT 38, INLAND ESTATES SUBDIVISION RECORDED IN VOLUME 6, PAGE 105, MAP & PLAT RECORDS, COMAL COUNTY, TEXAS, THE EAST CORNER OF SAID

9

155.187 ACRE TRACT AND HEREIN DESCRIBED TRACT;

THENCE WITH THE COMMON LINE OF SAID 155.187 ACRE TRACT AND LOT 38, SOUTH 43 DEGREES 48 MINUTES 20 SECONDS WEST, A DISTANCE OF 511.96 FEET TO AN IRON ROD SET FOR THE NORTH CORNER OF LOT 84, WAGGENER RANCH UNIT TWO RECORDED IN VOLUME 15, PAGE 36, MAP & PLAT RECORDS, COMAL COUNTY, TEXAS;

THENCE WITH THE COMMON LINE OF SAID WAGGENER RANCH UNIT TWO AND SAID 155.187 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

SOUTH 43 DEGREES 50 MINUTES 33 SECONDS WEST, A DISTANCE OF 524.28 FEET TO AN IRON ROD SET;

SOUTH 44 DEGREES 11 MINUTES 59 SECONDS WEST, A DISTANCE OF 275.89 FEET TO A 1/2" IRON ROD FOUND;

SOUTH 44 DEGREES 11 MINUTES 08 SECONDS WEST, A DISTANCE OF 317.80 FEET TO A 3/8" IRON ROD FOUND;

SOUTH 44 DEGREES 11 MINUTES 25 SECONDS WEST, AT 566.25.FEET AN IRON ROD FOUND WITH AN ALUMINUM CAP STAMPED "PRO-TECH 2219" AND CONTINUING A TOTAL DISTANCE OF 703.19 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP FOR THE EAST CORNER OF A CALLED 0.477 ACRE TRACT OF LAND RECORDED IN DOCUMENT NO. 200406006810, OFFICIAL PUDLIC RECORDS, COMAL COUNTY, TEXAS;

THENCE WITH THE COMMON LINE OF SAID 0.477 ACRE TRACT AND SAID 155.187 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

NORTH 46 DEGREES 08 MINUTES 19 SECONDS WEST, A DISTANCE OF 126.82 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

SOUTH 43 DEGREES 51 MINUTES 41 SECONDS WEST, A DISTANCE OF 165.06 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP;

AND SOUTH 46 DEGREES 08 MINUTES 19 SECONDS EAST, A DISTANCE OF 125.70 FEET TO AN IRON ROD FOUND WITH AN ORANGE "MOY SURVEY" PLASTIC CAP IN THE NORTHEAST LINE OF LOT 81 R, WAGGENER RANCH UNIT TWO RECORDED IN DOCUMENT NO. 200806046117, OFFICIAL PUBLIC RECORDS, COMAL COUNTY, TEXAS, FOR THE SOUTH CORNER OF SAID

0.477 ACRE TRACT;

THENCE WITH THE COMMON LINE OF SAID WAGGENER RANCH UNIT TWO, WAGGENER RANCH UNIT ONE RECORDED IN VOLUME 14, PAGE 54, MAP & PLAT RECORDS COMAL COUNTY, TEXAS AND SAID 155.187 ACRE TRACT THE FOLLOWING COURSES AND DISTANCES:

SOUTH 44 DEGREES 19 MINUTES 42 SECONDS WEST, AT 29.35 FEET AN IRON ROD FOUND WITH AN ALUMINUM CAP STAMPED "PRO-TECH 2219" AND CONTINUING A TOTAL A DISTANCE OF 676.78 FEET TO A MAG NAIL FOUND IN A TREE STUMP WITH A "PRO-TECH ENG. 2219" TAG;

SOUTH 44 DEGREES 21 MINUTES 00 SECONDS WEST, A DISTANCE OF 684.49 FEET TO AN IRON ROD FOUND WITH AN ALUMINUM CAP STAMPED "PRO-TECH ENG. 2219";

SOUTH 44 DEGREES 14 MINUTES 43 SECONDS WEST, A DISTANCE OF 100.07 FEET TO AN IRON ROD FOUND WITH AN ALUMINUM CAP STAMPED "PRO-TECH ENG. 2219";

SOUTH 75 DEGREES 27 MINUTES 14 SECONDS WEST, AT 18.45 FEET AN IRON ROD FOUND WITH AN ALUMINUM CAP STAMPED "PRO-TECH 2219" AND CONTINUING A TOTAL DISTANCE OF 95.26 FEET TO AN IRON ROD FOUND WITH AN ALUMINUM CAP STAMPED "PRO-TECH 2219";

SOUTH 56 DEGREES 23 MINUTES 04 SECONDS WEST, A DISTANCE OF 92.34 FEET TO A MAG NAIL FOUND IN A TREE STUMP WITH A "PRO-TECH ENG. 2219" TAG;

AND SOUTH 52 DEGREES 04 MINUTES 47 SECONDS WEST, AT 189.68 FEET AN IRON ROD FOUND WITH AN ALUMINUM CAP STAMPED "PRO-TECH ENG. 2219" FOR THE NORTHWEST COMER OF LOT 58R, WAGGENER RANCH UNIT ONE AND CONTINUING A TOTAL DISTANCE OF 215.00 FEET TO THE POINT OF BEGINNING CONTAINING 153.724 ACRES OF LAND.

5.  **2 Sugar Maple, Mayhill, Otero County, New Mexico**, hereinafter the Respondent Real Property 5 and more fully described as:

    Lot Thirteen (13), Block Seven (7), Cloud Country Subdivision, Unit 2, Otero County, New Mexico.

    Tax ID: 11O4075092482103

6.  **Cloud Country #2, Mayhill, Otero County, New Mexico**, hereinafter the Respondent Real Property 6 and more fully described as:

11

Lot Fourteen (14), Block Seven (7), Cloud Country Subdivision, Unit 2, Otero County, New Mexico.

Tax ID: 11O4075092484117

7. **98 Island Dr., #41, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 7 and more fully described as:

Being Unit No. Forty-One (41), in Building No. Five (5), Phase Two (II), of The Waters at Horseshoe Bay Resort Condominium located on Tract AAA-4A and Tract AAA-4B in the City of Horseshoe Bay, Llano County, Texas, according to Plat No. 64.3, recorded in Volume 15, Page 56, Plat Records of Llano County, Texas.   Together with the percentage of ownership in the general and limited common elements, including the parking area and storage facility for said Unit and the voting percentage allocated to such unit, all as described in the Declaration of The Waters At Horseshoe Bay Resort Condominium as the same appears of record in Volume 3, Page 314, of the Condominium Records of Llano County, Texas, and the First Amendment to Declaration of The Waters at Horseshoe Bay Resort Condominium, recorded in Volume 3, Page 446, Condominium Records of Llano County, Texas, along with the First Supplemental to Declaration of The Waters at Horseshoe Bay Resort Condominium, recorded in Volume 3, Page 524, Condominium Records of Llano County, Texas, together with all of the rights and privileges granted to unit owners in The Waters At Horseshoe Bay Resort Condominium to which reference is here made for a full and complete description of the property, and all of the terms and provisions thereof.

8. **101 West Bank Unit 56, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 8 and more fully described as:

UNIT 56, BUILDING 2, PHASE ONE, THE WATERS AT HORSESHOE BAY RESORT CONDOMINIUM, LOCATED IN THE CITY OF HORSESHOE BAY, LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. 64.3, RECORDED IN VOLUME 15, PAGE 56, PLAT RECORDS, LLANO COUNTY, TEXAS, TOGETHER WITH THE PERCENTAGE OF OWNERSHIP IN THE GENERAL AND LIMITED COMMON ELEMENTS, THE PARKING SPACE AND STORAGE FACILITY FOR SAID UNIT AND THE VOTING RIGHTS AND PRIVILEGES GRANTED TO UNIT OWNERS IN THE WATERS AT HORSESHOE BAY RESORT CONDOMINIUM RECORDED IN VOLUME 3, PAGE 314, CONDOMINIUM RECORDS OF LLANO COUNTY, TEXAS.

9. **106 Ouray St., Boerne, Kendall County, Texas,** hereinafter the Respondent Real Property 9 and more fully described as:

LOT NO. 28 BLOCK C, DURANGO RESERVE, PHASE I, A SUBDIVISION

12

LOCATED IN THE CITY OF BOERNE, KENDALL COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 8, PAGES 321-323, PLAT RECORDS OF KENDALL COUNTY, TEXAS.

10. **104 Alamosa Way, Boerne, Kendall County, Texas,** hereinafter the Respondent Real Property 10 and more fully described as:

LOT NO. 4 BLOCK A, DURANGO RESERVE, PHASE I, A SUBDIVISION LOCATED IN THE CITY OF BOERNE, KENDALL COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 8, PAGES 321-323, PLAT RECORDS OF KENDALL COUNTY, TEXAS.

11. **103 Creede St., Boerne, Kendall County, Texas,** hereinafter the Respondent Real Property 11 and more fully described as:

LOT NO. 25 BLOCK B, DURANGO RESERVE, PHASE I, A SUBDIVISION LOCATED IN THE CITY OF BOERNE, KENDALL COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 8, PAGES 321-323, PLAT RECORDS OF KENDALL COUNTY, TEXAS.

12. **973 Mystic Pkwy., Spring Branch, Comal County, Texas,** hereinafter the Respondent Real Property 12 and more fully described as:

LOT 2136, MYSTIC SHORES, UNIT NINETEEN, AN ADDITION TO COMAL COUNTY, TEXAS, ACCORDING TO THE PLAT OF THE DEVELOPMENT FILED OF RECORDED CLERK'S FILE NO. 200606046241, MAP AND PLAT RECORDS OF COMAL COUNTY, TEXAS.

13. **2808 Aurora, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 13 and more fully described as:

BEING LOT NO. 23224, HORSESHOE BAY A SUBDIVISION OF THE CITY OF HORSESHOE BAY, LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. 23.4, RECORDED IN VOLUME 2, PAGES 94, 95 AND 96, PLAT RECORDS OF LLANO COUNTY, TEXAS.

14. **Fault Line, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 14 and more fully described as:

BEING LOT NO. W18095, HORSESHOE BAY WEST, A SUBDIVISION LOCATED IN THE CITY OF HORSESHOE BAY, LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. W18.1 RECORDED IN VOLUME 4, PAGE 48 AND 49, PLAT RECORDS OF LLANO COUNTY, TEXAS.

13

15. **4100 Cashmere Dr. NE, Lacey, Thurston County, Washington,** hereinafter the Respondent Real Property 15 and more fully described as:

Lot 283 of Hawks Prairie Phase 1 Unit 7, according to plat recorded August 27, 2004 under Recording No. 3669236;

In Thurston County, Washington

SUBJECT TO:
Declaration of Covenants for open space and the terms and conditions thereof:

Recording Date: July 6, 2001
Recording No.: 3363608

Reciprocal Utility and Drainage Agreement and the terms and conditions thereof:

Recording Date: July 6, 2001
Recording No.: 3363610

Agreement and the terms and conditions thereof:

Recording Date: July 6, 2001
Recording No.: 3363611
Regarding: Golf Cart path easement

Agreement and the terms and conditions thereof;

Recording Date: July 6, 2001
Recording No.: 3363612
Regarding: Golf Course assumption of risk and view

Terms and conditions of Easement serving said premises thereof:

Recording Date: December 20, 2002
Recording No.: 3488109

Declaration of Covenants and the terms and conditions thereof:

Recorded: December 20, 2002
Recording No.: 3488110

Easement and the terms and conditions thereof:

Purpose: Temporary access
Recording Date: December 20, 2002

14

Recording No.: 3488111

Agreement and the terms and conditions thereof:

Recording Date: December 20, 2002
Recording No.: 3488114
Regarding: Signage

Agreement and the terms and conditions thereof:

Recording No.: 3513920 and 3513921
Regarding: Covenant and grant of temporary sewer line easements

Covenants, conditions, restrictions and easements but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, source of income, gender, gender identity, gender expression, medical condition or genetic information, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the Document

Recording Date: February 17, 2004

Recording No.: 3488110

Covenants, conditions, restrictions, recitals, reservations, easements, easement provisions, dedications, building setback lines, notes and statements, if any, but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth on the Plat of Hawks Prairie Phase 1 Unit 7:

Recording No: 3669236

Covenants, conditions, restrictions and easements but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, source of income, gender, gender identity, gender expression, medical condition or genetic information, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

Recording Date: January 14, 2005
Recording No.: 3702933

15

Modified by instruments recorded under Auditors File No. 3786686, 3786687, 3799166, and 3806005.

Tax ID: 52930028300

16. **5190 Graytown Rd., Schertz, Bexar County, Texas,** hereinafter the Respondent Real Property 16 and more fully described as:

All that certain tract or parcel of land containing 1.50 acres in the City of Schertz, Bexar County, Texas, out of the Antonio Zamora Survey No. 36, Abstract 828, County Block 5083, being a portion of a 2.00 acres tract described in conveyance from Edgar H. Harlohs and wife Minna Harlohs to George Cielencki and wife Agnes E. Cielencki in Warranty Deed with Vendor's Lien recorded in Volume 6965 Page 258, Deed Records of Bexar County, Texas and being more particularly described by metes and bounds as follows:

BEGINNING:  at a pipe fence corner post found at the Southwest corner of said 2.00 acre tract, located on the Northeast right-of-way line of Greytown Road, at the West corner of KGG Enterprises 4.167 acre tract recorded in Volume 2898 Page 2250, Real Property Records of Bexar County, Texas, for the Southwest corner of this herein described tract;

THENCE:  North 28 deg. 54 min. 00 sec. West; (Bearing Basis-Volume 6965 Page 258, D.R.) a distance of 311.27 feet along with chain link fence line on the Northeast right-of-way line of Greytown Road to a ½" iron pin found w/cap at the Southwest corner of Rebel Duct Systems 0.50 acre tract recorded in Volume 8329 Page 203, Real Property Records of Bexar County, Texas, for the Northwest corner of this herein described tract;

THENCE;  North 60 deg. 07 min. 00 East; a distance of 210.00 feet along with fence line to a ½" iron pin found w/cap at the Southeast corner of said Rebel Duct Systems 0.50 acre tract, located on the Southwest line of Alan G. Munzny and wife Barbara K. Munzny 49.341 acre tract recorded in Volume 4762 Page 1292, Real Property Records of Bexar County, Texas, for the Northeast corner of this herein described tract;

THENCE:  South 28 deg. 54 min. 00 sec. East, a distance of 311.27 feet along with fence line on the East line of said 2.00 acre tract to a pipe fence corner post found on the Northwest line of KGG Enterprises 4.167 acre tract, for the Southeast corner of this herein described tract;

THENCE:  South 60 deg. 07 min. 00 sec. West; a distance of 210.00 feet along with fence line of South line of said 2.00 acre and same the Northwest

16

line of KGG Enterprises 4.167 acre tract to the POINT OF BEGINNING.

Being 0.500 acre of land, more or less, out of the Antonio Zamora Survey No. 36, Abstract 828, County Block 5083, City of Schertz, Bexar County, Texas and also being out of a 2.00 acre tract described in Volume 6965, Page 258 of the Deed Records of Bexar County, Texas and being more particularly described as follows:

BEGINNING at an iron rod set at a pipe fence corner post in the existing northeast R.O.W. line of Graytown Road for the most northwesterly corner of this tract and the most northwesterly corner of the above referenced 2.00 acre tract;

THENCE, N 60°07'00" E, 210.00 feet along the common fence line with a 49.341 acre tract described in Volume 4762, Page 1292 of the Real Property Records of Bexar County, Texas to an iron rod set at a pipe fence corner post for the most northeasterly corner of this tract and the most northeasterly corner of said 2.00 acre tract;

THENCE, S 28°54'00" E, 103.73 feet along the common fence line with said 49.341 acre tract to an iron rod set in same for the most southeasterly corner of this tract;

THENCE, S 60°07'00" W, 210.00 feet crossing said 2.00 acre tract to an iron rod set in the existing northeast R.O.W. line of Graytown Road for the most southeasterly corner of this tract;

THENCE, N 28°54'00" W, (Ref. Brg.) 103.73 feet along said northeast R.O.W. line to the POINT OF BEGINNING and containing 0.500 acre of land, more or less.

17. **5524 Lemon Gulch Rd., Castle Rock, Douglas County, Colorado,** hereinafter the Respondent Real Property 17 and more fully described as:

PARCEL A:

TRACT 7, CASTLE PARK RANCH, PHASE 1, COUNTY OF DOUGLAS, STATE OF COLORADO.

PARCEL B:

A NONEXCLUSIVE EASEMENT AND RIGHT OF WAY OVER AND ACROSS ROADS AS SHOWN ON RECORDED PLAT OF CASTLE PARK RANCH, PHASE 1, COUNTY OF DOUGLAS, STATE OF COLORADO.

Also known by street and number as: 5524 LEMON GULCH ROAD, CASTLE ROCK, CO 80108.

Tax ID: R0373870

17

18. **11080 Ware Seguin Rd., Schertz, Bexar County, Texas,** hereinafter the Respondent Real Property 18 and more fully described as:

All that certain tract or parcel of land containing 22.716 acres of land out of the Stacey B. Lewis Survey No. 317, Abstract No. 433, County Block 5068, New City Block 16562, Bexar County, Texas, being the same land, as surveyed and found on the ground on June 25, 2018, as that certain called 22.711 acre parcel described in Volume 3062, Page 1267, Real Property Records of Bexar County, Texas; Said 22.716 acre parcel being more particularly described by metes and bounds as follows:

BEGINNING at a ½ inch rebar set (capped "RPLS 4907") on the southeasterly right-of-way line of Ware Seguin Road for the most westerly corner and POINT OF BEGINNING of this parcel, same being the most northerly corner of that certain called 22.000 acre parcel described in Volume 14599, Page 319 of said Real Property Records;

THENCE with said right-of-way line, North 59 deg 43' 43* East (basis of earing (obtained from said Volume 3062, Page 1267)), a distance of 1056.87 feet (called North 49 deg 43' 48" East, 1056.87 feet) to a 1 inch pipe found for the most northerly corner of this parcel, same being the most westerly corner of that certain called 22.82 acre parcel described in Volume 17168, Page 1247 of said Real Property Records;

THENCE departing said right-of-way line and with the common line of this parcel with said 22.82 acre parcel, South 27 deg 20' 35" East, a distance of 1277.97 feet (called South 27 deg 21' 32" East, 1277.72 feet) to a ½ inch rebar set (capped "RPLS 4907") for the most easterly corner of this parcel, same being the most southerly corner of said 22.82 acre parcel and lying on the northwesterly line of that certain called 24.127 acre parcel described in Volume 13419, Page 776 of said Real Property Records;

THENCE with the common line of this parcel with said 24.127 acre parcel, South 59 deg 51' 03" West, a distance of 475.32 feet (called South 59 deg 45' 15" West, 475.32 feet) to a 1 inch pipe found for the most southerly corner of this parcel, same being the most westerly corner of said 24.127 acre parcel and lying in a northeasterly line of that certain called 8.915 acre parcel described in Volume 17454, Page 1579 of said Real Property Records;

THENCE with the common line of this parcel with said 8.915 acre parcel, the following three (3) courses:

1). North 62 deg 46' 05" West, a distance of 115.93 feet (called North 62 deg 32' West, 115.93 feet) to a ½ inch rebar set (capped "RPLS 4907") for an exterior corner of this parcel;

2). North 27 deg 22' 42" East, a distance of 40.00 feet (called North 27 deg 28' East,

18

40.00 feet) to a 1 inch pipe found for an interior corner of this parcel;

3). North 62 deg 36' 21" West, a distance of 219.20 feet (called North 62 deg 32' West, 219.92 feet) to a 1 inch pipe found for an exterior corner of this parcel, same being the most northerly corner of said 8.915 acre parcel and an easterly corner of the aforementioned 22.000 acre parcel;

THENCE with the common line of this parcel with said 22.000 acre parcel, North 51 deg 09' 44" West, a distance of 1039.09 feet (called North 51 12" West, 1039.09 feet) to the POINT OF BEGINNING and containing 22.716 acre of land.

19. **Blazing Star, Lot 21, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 19 and more fully described as:

LOT TWENTY-ONE (21), IN SKYWATER OVER HORSESHOE BAY, A SUBDIVISION LOCATED IN LLANO COUNTY, TEXAS, ACCORDING TO PLAT 2.1, RECORDED IN VOLUME 17, PAGES 1-4, PLAT RECORDS OF LLANO COUNTY, TEXAS.

20. **Blazing Star, Lot 22, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 20 and more fully described as:

BEING LOT NO. TWENTY-TWO (22), IN SKYWATER OVER HORSESHOE BAY, A SUBDIVISION OF THE CITY OF HORSESHOE BAY, LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. 2.1, RECORDED IN VOLUME 17, PAGES 1, 2, 3 AND 4, PLAT RECORDS OF LLANO COUNTY, TEXAS.

21. **FM 532, Gonzales, Gonzales County, Texas,** hereinafter the Respondent Real Property 21 and more fully described as:

Being out of a 237.265 acre tract of land conveyed to Ernest Kapavik and Ruby Kapavik by Warranty deed dated April 2, 2003 and recorded in Volume 883, Page 382 of the Official Records of Gonzales County, Texas, also comprised of a portion of the E. Mitchell, Abstract 337.

Being more fully described by metes and bounds as follows:

BEGINNING:  at a 5/8" iron rod found in the north right of way line of Farm Market 532 and at the southwest corner of a 79.41 acre tract recorded in Volume 1065, Page 906 of the Official Records of Gonzales County, Texas, same being the southeast corner of this herein described tract;

THENCE:  S 69°17'53" W -1218.29 along the north right of way line of said Farm Market 532 and the south line of said 237.265 acre tract, to a 5/8" iron rod with cap set at the southwest corner of this herein described tract;

THENCE:    N 21°16'43" W -383.83 feet across said 237.265 acre tract, to a 5/8" iron rod with cap set, being an angle corner of this herein described tract;

THENCE:    N 12°12'30" W -173.64 across said 237.265 acre tract, to a 5/8" iron rod with cap set, being an angle corner of this herein described tract;

THENCE:    N 32°28'47" W -2106.07 feet across said 237.265 acre tract, to a 5/8" iron rod with cap found, being an interior corner of said 237.265 acre tract and the southwest corner of a 18.00 acre tract owned by Carl & Patricia Bauer, same being the northwest corner of this herein described tract;

THENCE:    N 68°00'12" E 1544.32 feet along the south line of said 18.00 acre tract and the north line of said 237.265 acre tract, to a 5/8" iron rod with cap found in the south line said 18.00 acre tract, for the northeast corner of said 237.265 acre tract, being the northwest corner of said 79.41 acre tract, same being the northeast corner of this herein described tract;

THENCE:    S 22°28'59" E -2653.45 feet along the west line of said 79.41 acre tract and the east line of said 237.265 acre tract to the *POINT OF BEGINNING,* containing within these metes and bounds of 80.50 acre tract, more or less.

22. **Skywater, Lot 3, Cloudcroft, Otero County, New Mexico,** hereinafter the Respondent Real Property 22 and more fully described as:

Lot Three (3), Block Three (3), Skywater, Cloudcroft, Otero County, New Mexico.

Tax ID: 11N4068091404088

23. **Skywater, Lot 4, Cloudcroft, Otero County, New Mexico,** hereinafter the Respondent Real Property 23 and more fully described as:

Lot Four (4), Block Three (3), Skywater, Cloudcroft, Otero County, New Mexico.

Tax ID: 11N4068091404097.

24. **Spider Valley, Lot W18074, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 24 and more fully described as:

TRACT I: LOT W18074, HORSESHOE BAY WEST, VILLAGE OF HORSESHOE BAY, LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. W18.1,

RECORDED IN VOLUME 4, PAGES 48 AND 49, PLAT RECORDS OF LLANO COUNTY, TEXAS.

25. **Spider Valley, W18075, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 25 and more fully described as:

TRACT II: LOT NO. W18075, IN HORSESHOE BAY WEST, A SUBDIVISION LOCATED IN LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. W18.1, RECORDED IN VOLUME 4, PAGES 48 & 49, LLANO COUNTY PLAT RECORDS.

26. **Sunshine, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 26 and more fully described as:

LOT W9020, HORSESHOE BAY WEST, A SUBDIVISION LOCATED IN THE CITY OF HORSESHOE BAY, LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. W9.1, RECORDED IN VOLUME 3, PAGE 70, PLAT RECORDS OF LLANO COUNTY, TEXAS.

27. **Bay West Blvd., Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 27 and more fully described as:

LOT W9017, HORSESHOE BAY WEST, A SUBDIVISION LOCATED IN THE CITY OF HORSESHOE BAY, LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. W9.1, RECORDED IN VOLUME 3, PAGE 70, PLAT RECORDS OF LLANO COUNTY, TEXAS.

28. **Uplift/Bay West, Horseshoe Bay, Llano County, Texas,** hereinafter the Respondent Real Property 28 and more fully described as:

LOT W9016, HORSESHOE BAY WEST, A SUBDIVISION LOCATED IN THE CITY OF HORSESHOE BAY, LLANO COUNTY, TEXAS, ACCORDING TO PLAT NO. W9.1, RECORDED IN VOLUME 3, PAGE 70, PLAT RECORDS OF LLANO COUNTY, TEXAS.

29. **Verde Mountain Trail, San Antonio, Bexar County, Texas,** hereinafter the Respondent Real Property 29 and more fully described as:

LOT 38, BLOCK 1, VERDE MOUNTAIN ESTATES, A PLANNED UNIT DEVELOPMENT SUBDIVISION, AMENDING LOTS 20 AND 21 RECORDED IN VOLUME 20002, PAGE 1060 OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

30. **4240 S. Zephyr Street, Lakewood, Jefferson County, Colorado,** hereinafter the Respondent Real Property 30 and more fully described as:

21

Lot 4, Block 3, Marston Slopes Subdivision, Filing No. 1, County of Jefferson, State of Colorado.

Also known by street and number as 4240 S. Zephyr Street, Lakewood, CO 80235.

Tax ID: 300103055

31. **11.53 Acres located in Seabeck, Kitsap County, Washington,** hereinafter the Respondent Real Property 31 and more fully described as:

PARCEL I:

RESULTANT PARCEL D OF BOUNDARY LINE ADJUSTMENT RECORDED UNDER AUDITOR'S FILE NO. 201504010222 AND DELINEATED ON SURVEY RECORDED IN VOLUME 80 OF SURVEYS, PAGE(S) 178 AND 179, UNDER AUDITOR'S FILE NO. 201504010223, BEING A PORTION OF GOVERNMENT LOTS 1 AND 2, SECTION 26, TOWNSHIP 25 NORTH, RANGE 2 WEST, W.M., IN KITSAP COUNTY, WASHINGTON.

PARCEL II:

RESULTANT PARCEL C OF BOUNDARY LINE ADJUSTMENT RECORDED UNDER AUDITOR'S FILE NO. 201508190199, BEING A PORTION OF RESULTANT PARCEL C OF BOUNDARY LINE ADJUSTMENT RECORDED UNDER AUDITOR'S FILE NO. 201504010222 AND DELINEATED ON SURVEY RECORDED IN VOLUME 80 OF SURVEYS, PAGE(S) 178 AND 179, UNDER AUDITOR'S FILE NO. 201504010223, BEING A PORTION OF GOVERNMENT LOTS 1 AND 2, SECTION 26, TOWNSHIP 25 NORTH, RANGE 2 WEST, W.M., IN KITSAP COUNTY, WASHINGTON.

PARCEL III:

A 30 FOOT WIDE EASEMENT FOR INGRESS, EGRESS AND UTILITIES AS DESCRIBED AND DELINEATED IN ACCESS AND UTILITY EASEMENT AGREEMENT RECORDED UNDER AUDITOR'S FILE NO. 201508120178, BEING A PORTION OF GOVERNMENT LOTS 1 AND 2 (ALSO KNOWN AS THE SOUTHEAST QUARTER), ALL IN SECTION 26, TOWNSHIP 25 NORTH, RANGE 2 WEST, W.M. IN KITSAP COUNTY, WASHINGTON.

Tax ID: 262502-4-052-1006

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Antonio Franco, Jr., U.S. Attorney's Office
601 NW Loop 410, Suite 600, San Antonio, TX 78216
210-384-7040

## DEFENDANTS

Real Property Located and Situated at:  4218 Harmony Road, Preston, Caroline County, Maryland, et al.

County of Residence of First Listed Defendant       Caroline
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☒ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 18 U.S.C. § 981(a)(1)(C)

Brief description of cause:
Forfeiture of Real Property

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                DOCKET NUMBER

DATE
12/18/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,                 )
                                          )
                    Petitioner,           )
                                          )
v.                                        ) CIVIL ACTION NO. SA-23-CV-01101-FB
                                          )
REAL PROPERTY LOCATED AND                 )
SITUATED AT:                              )
                                          )
4218, 4208, AND 4228 HARMONY ROAD,        )
PRESTON, CAROLINE COUNTY,                 )
MARYLAND (1),                             )
                                          )
4051 FOSSIL FORREST, SAN ANTONIO,         )
BEXAR COUNTY, TEXAS (2),                  )
                                          )
39850 FM 3159, CANYON LAKE,               )
COMAL COUNTY, TEXAS (3)                   )
                                          )
40454 FM 3159, NEW BRAUNFELS,             )
COMAL COUNTY, TEXAS (4),                  )
                                          )
2 SUGAR MAPLE, MAYHILL, OTERO             )
COUNTY, NEW MEXICO (5),                   )
                                          )
CLOUD COUNTRY #2, MAYHILL,                )
OTERO COUNTY, NEW MEXICO (6),             )
                                          )
98 ISLAND DR #41, HORSESHOE BAY,          )
LLANO COUNTY, TEXAS (7),                  )
                                          )
101 WEST BANK UNIT 56, HORSESHOE          )
BAY, LLANO COUNTY, TEXAS (8),             )
                                          )
106 OURAY ST, BOERNE, KENDALL             )
COUNTY, TEXAS (9),                        )
                                          )
104 ALAMOSA WAY, BOERNE,                  )
KENDALL COUNTY, TEXAS (10),               )
                                          )
103 CREEDE ST, BOERNE, KENDALL            )
COUNTY, TEXAS (11),                       )

**APPENDIX A**

**973 MYSTIC PKWY, SPRING BRANCH,**    )
**COMAL COUNTY, TEXAS (12),**    )
    )
**2808 AURORA, HORSESHOE BAY,**    )
**LLANO COUNTY, TEXAS (13),**    )
    )
**FAULT LINE, HORSESHOE BAY,**    )
**LLANO COUNTY, TEXAS (14),**    )
    )
**4100 CASHMERE DR NE, LACEY,**    )
**THURSTON COUNTY, WASHINGTON (15),**    )
    )
**5190 GRAYTOWN RD, SCHERTZ,**    )
**BEXAR COUNTY, TEXAS (16),**    )
    )
**5524 LEMON GULCH RD, CASTLE ROCK,**    )
**DOUGLAS COUNTY, COLORADO (17),**    )
    )
**11080 WARE SEGUIN RD, SCHERTZ,**    )
**BEXAR COUNTY, TEXAS (18),**    )
    )
**BLAZING STAR, LOT 21, HORSESHOE**    )
**BAY, LLANO COUNTY, TEXAS (19),**    )
    )
**BLAZING STAR, LOT 22, HORSESHOE**    )
**BAY, LLANO COUNTY, TEXAS (20),**    )
    )
**FM 532, GONZALES, GONZALES**    )
**COUNTY, TEXAS (21),**    )
    )
**SKYWATER, LOT 3, CLOUDCROFT,**    )
**OTERO COUNTY, NEW MEXICO (22),**    )
    )
**SKYWATER, LOT 4, CLOUDCROFT,**    )
**OTERO COUNTY, NEW MEXICO (23),**    )
    )
**SPIDER VALLEY, LOT W18074,**    )
**HORSESHOE BAY, LLANO COUNTY,**    )
**TEXAS (24),**    )
    )
**SPIDER VALLEY, LOT W18075,**    )
**HORSESHOE BAY, LLANO COUNTY,**    )
**TEXAS (25),**    )
    )
**SUNSHINE, HORSESHOE BAY, LLANO**    )
**COUNTY, TEXAS (26),**    )

2

**BAY WEST BLVD, HORSESHOE BAY,**      )
**LLANO COUNTY, TEXAS (27),**         )
            )
**UPLIFT/BAY WEST, HORSESHOE BAY,**   )
**LLANO COUNTY, TEXAS (28),**         )
            )
**VERDE MOUNTAIN TRAIL, SAN**      )
**ANTONIO, BEXAR COUNTY, TEXAS (29),**  )
            )
**4240 S ZEPHYR STREET, LAKEWOOD,**   )
**JEFFERSON COUNTY, COLORADO (30),**  )
            )
**11.53 ACRES LOCATED IN SEABECK,**    )
**KITSAP COUNTY, WASHINGTON (31),**   )
            )
          **Respondents.**   )

## NOTICE OF COMPLAINT FOR FORFEITURE

1.     On _____, 2023, an Amended Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas and Assistant United States Attorney Antonio Franco, Jr., against the properties described below, which is also specifically described in the Amended Verified Complaint for Forfeiture, for violations of Title 18 U.S.C. §§ 1341, 1956, and 1957, and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C), namely:

Real Properties, with all buildings, appurtenances, and improvements thereon, and any and all surface and sub-surface rights, title, and interests, located and situated at:

- **See Attachment A for full legal descriptions,**

hereinafter the Respondent Real Properties.

2.     Pursuant to Supplemental Rule of Federal Civil Procedure G(4)(b), notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Amended Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Real Properties.   Pursuant to Supplemental Rule

3

G(4)(b), any person claiming an interest in the Respondent Real Properties who has received direct notice of this forfeiture action must file a Claim, in compliance with Rule G(5)(a), with the court within **thirty-five (35) days after the notice was sent, if delivered by mail (if mailed, the date sent is provided below), or within 35 days of the date of delivery, if notice was personally served**.   An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within twenty-one (21) days of the Claim being filed.

3.    The Claim and Answer must be filed with the Clerk of the Court, 262 West Nueva Street, Room 1-400, San Antonio, Texas 78207, and copies of each must be served upon Assistant United States Attorney Antonio Franco, Jr., 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216, or default and forfeiture will be ordered.   See Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4.    Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

**DATE NOTICE SENT:**_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. SA-23-CV-01101-FB** |
| | ) | |
| **REAL PROPERTY LOCATED AND** | ) | |
| **SITUATED AT:** | ) | |
| | ) | |
| **4218, 4208, AND 4228 HARMONY ROAD,** | ) | |
| **PRESTON, CAROLINE COUNTY,** | ) | |
| **MARYLAND (1),** | ) | |
| | ) | |
| **4051 FOSSIL FORREST, SAN ANTONIO,** | ) | |
| **BEXAR COUNTY, TEXAS (2),** | ) | |
| | ) | |
| **39850 FM 3159, CANYON LAKE,** | ) | |
| **COMAL COUNTY, TEXAS (3)** | ) | |
| | ) | |
| **40454 FM 3159, NEW BRAUNFELS,** | ) | |
| **COMAL COUNTY, TEXAS (4),** | ) | |
| | ) | |
| **2 SUGAR MAPLE, MAYHILL, OTERO** | ) | |
| **COUNTY, NEW MEXICO (5),** | ) | |
| | ) | |
| **CLOUD COUNTRY #2, MAYHILL,** | ) | |
| **OTERO COUNTY, NEW MEXICO (6),** | ) | |
| | ) | |
| **98 ISLAND DR #41, HORSESHOE BAY,** | ) | |
| **LLANO COUNTY, TEXAS (7),** | ) | |
| | ) | |
| **101 WEST BANK UNIT 56, HORSESHOE** | ) | |
| **BAY, LLANO COUNTY, TEXAS (8),** | ) | |
| | ) | |
| **106 OURAY ST, BOERNE, KENDALL** | ) | |
| **COUNTY, TEXAS (9),** | ) | |
| | ) | |
| **104 ALAMOSA WAY, BOERNE,** | ) | |
| **KENDALL COUNTY, TEXAS (10),** | ) | |
| | ) | |
| **103 CREEDE ST, BOERNE, KENDALL** | ) | |
| **COUNTY, TEXAS (11),** | ) | |

**973 MYSTIC PKWY, SPRING BRANCH,** )
**COMAL COUNTY, TEXAS (12),** )
)
**2808 AURORA, HORSESHOE BAY,** )
**LLANO COUNTY, TEXAS (13),** )
)
**FAULT LINE, HORSESHOE BAY,** )
**LLANO COUNTY, TEXAS (14),** )
)
**4100 CASHMERE DR NE, LACEY,** )
**THURSTON COUNTY, WASHINGTON (15),** )
)
**5190 GRAYTOWN RD, SCHERTZ,** )
**BEXAR COUNTY, TEXAS (16),** )
)
**5524 LEMON GULCH RD, CASTLE ROCK,** )
**DOUGLAS COUNTY, COLORADO (17),** )
)
**11080 WARE SEGUIN RD, SCHERTZ,** )
**BEXAR COUNTY, TEXAS (18),** )
)
**BLAZING STAR, LOT 21, HORSESHOE** )
**BAY, LLANO COUNTY, TEXAS (19),** )
)
**BLAZING STAR, LOT 22, HORSESHOE** )
**BAY, LLANO COUNTY, TEXAS (20),** )
)
**FM 532, GONZALES, GONZALES** )
**COUNTY, TEXAS (21),** )
)
**SKYWATER, LOT 3, CLOUDCROFT,** )
**OTERO COUNTY, NEW MEXICO (22),** )
)
**SKYWATER, LOT 4, CLOUDCROFT,** )
**OTERO COUNTY, NEW MEXICO (23),** )
)
**SPIDER VALLEY, LOT W18074,** )
**HORSESHOE BAY, LLANO COUNTY,** )
**TEXAS (24),** )
)
**SPIDER VALLEY, LOT W18075,** )
**HORSESHOE BAY, LLANO COUNTY,** )
**TEXAS (25),** )
)
**SUNSHINE, HORSESHOE BAY, LLANO** )
**COUNTY, TEXAS (26),** )

2

| | |
|---|---|
| **BAY WEST BLVD, HORSESHOE BAY,** **LLANO COUNTY, TEXAS (27),** | ) ) ) |
| **UPLIFT/BAY WEST, HORSESHOE BAY,** **LLANO COUNTY, TEXAS (28),** | ) ) ) |
| **VERDE MOUNTAIN TRAIL, SAN** **ANTONIO, BEXAR COUNTY, TEXAS (29),** | ) ) ) |
| **4240 S ZEPHYR STREET, LAKEWOOD,** **JEFFERSON COUNTY, COLORADO (30),** | ) ) ) |
| **11.53 ACRES LOCATED IN SEABECK,** **KITSAP COUNTY, WASHINGTON (31),** | ) ) ) |
| **Respondents.** | ) |

## ORDER TO POST NOTICE OF COMPLAINT FOR FORFEITURE OF RESPONDENT REAL PROPERTIES

WHEREAS an Amended Verified Complaint for Forfeiture *in rem* was filed on the _____ day of _____, 2023, against the following properties:

Real Properties, with all buildings, appurtenances, and improvements thereon, and any and all surface and sub-surface rights, title, and interests, located and situated at:

- **See Attachment A for full legal descriptions,**

hereinafter the Respondent Real Properties, which are also more fully described in the Amended Verified Complaint for Forfeiture, alleging that the Respondent Real Properties are subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C) for violations of Title 18 U.S.C. §§ 1341, 1956, and 1957; IT IS THEREFORE

ORDERED that the Internal Revenue Service for the Western District of Texas, or other authorized law enforcement officer or any other person or organization authorized by law, be commanded to post the Notice of Complaint for Forfeiture in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ.

P., and Title 18 U.S.C. § 985(c)(1)(B), by affixing a copy of the Notice of Complaint for Forfeiture

in this action, in a conspicuous place upon the premises and, if applicable, by leaving a copy of

the Notice of Complaint for Forfeiture and accompanying documents with the occupant of the

premises, if any, until further order of the Court, and to make my return as provided by law and

said Order has been executed.

      SIGNED this _____ day of _____, 20___.


                                   _____
                                   FRED BIERY
                                   UNITED STATES DISTRICT JUDGE